No. _____

IN THE
COURT OF CRIMINAL APPEALS
FOR THE STATE OF TEXAS

Trial Court No. 2012-2237-C2
Court of Appeals No. 10-14-00051-CR

\* \* \* \*

RECEIVED IN
COURT OF CRIMINAL APPEALS

November 10, 2015

ABEL ACOSTA, CLERK

RUBEN MIGUEL ALANIZ
Appellant

v.

THE STATE OF TEXAS,
Appellee

\* \* \* \*

Appealed from the Court of Appeals for the
Tenth Judicial District of Texas
Sitting at Waco

\* \* \* \*

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
ORAL ARGUMENT REQUESTED

\* \* \* \*

November 9, 2015

Walter M. Reaves Jr.
100 N. 6th Street, Suite 802
Waco, Texas 76701
(254) 296-0020
FAX# (877) 726-4411
Attorney for Appellant

## TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

LIST OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

QUESTIONS PRESENTED FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

GROUNDS FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

REASONS FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

     The Court of Appeals failed to recognize the nature of the error in the jury charge, and failed to apply the correct standard when addressing whether appellant suffered egregious harm  from the addition of a theory for determining when a victim is a "disabled person". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

     The Court of Appeals erred  in its legal sufficiency analysis on Appellant's first issue. The Court addressed whether the evidence was sufficient to establish the victim was unable to protect himself, instead of addressing whether he was "substantially" unable to protect himself. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

APPENDIX - Court of Appeals Opinion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

# LIST OF AUTHORITIES

## STATE CASES

*Carr v. State*, 1999 LEXIS 7948, No. 07-99-0213-CR
(Tex. App. - Amarillo, 10/25/1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Green v. State*, 233 S.W.3d 72 (Tex. App. - Houston [14th Dist.] 2007) . . . . . . . . . . . . 4

*Guevara v. State*, 152 S.W.3d 45 (Tex. Crim. App. 2004) . . . . . . . . . . . . . . . . . . . . . . 4

*Zuckerman v. State*, 591 S.W.2d 495 (Tex. Crim. App. 1979) . . . . . . . . . . . . . . . . . . . 4

## STATUTES AND RULES

Section 22.021 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Section 22.021(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Section 22.04(c)(3), Tex. Penal Code . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

Section 29.03, Tex. Penal Code. Tex. R. App. P. 66.3(d) . . . . . . . . . . . . . . . . . v, vi, 1, 3

Tex. R. App. P. 66.3(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

## STATEMENT OF THE CASE

Appellant was charged by indictment with the felony offense with aggravated robbery. He entered a plea of not guilty and a jury trial commenced on February 4, 2014, in the 54th District Court of McLennan, Texas, the Honorable Matt Johnson, presiding. The jury returned a verdict of guilty, and punishment was subsequently assessed by the jury at life in the Texas Department of Criminal Justice, Institutional Division. No fine was assessed.

## PROCEDURAL HISTORY

Appellant timely filed notice of appeal, and took his appeal to the Court of Appeals for the Tenth Judicial District, sitting at Waco, Texas. In a memorandum opinion, dated August 6, 2015, the Court found no error, and affirmed the judgement. Appellant now timely files this petition for discretionary review.

QUESTIONS PRESENTED FOR REVIEW

1. Did the Court of Appeals err in holding appellant was not egregiously harmed by a jury instruction which added a test for disability that was not authorized by the Statute, which allowed the jury to convict under an invalid theory of law.

2. Did the Court of Appeals err in finding the evidence was sufficient to establish the victim was a disabled person, without addressing the question of whether the evidence was sufficient to establish he was "substantially unable" to protect himself from harm.

GROUNDS FOR REVIEW

1. The Court of Appeals appears to have misconstrued a statute, rule, regulation, or ordinance., by failing to determine what is meant by the word "substantially" in the definition of disabled person set forth in Section 29.03, Tex. Penal Code. Tex. R. App. P. 66.3(d)

2. The Court of Appeals has so far departed from the accepted and usual course of judicial proceedings as to call for an exercise of this court's power of supervision, where the court failed to apply the proper standard when addressing whether appellant suffered egregious harm from the error in submitting an improper definition in the jury charge. Tex. R. App. P. 66.3(f)

3. The Court of Appeals has so far departed from the accepted and usual course of judicial proceedings, as to call for an exercise of this court's power of supervision, where the court failed to apply the proper standard when addressing whether the evidence was sufficient to establish the victim was disabled. Tex. R. App. P. 66.3(f)

4. The Court of Appeals has decided an important question of State law which has not, but should be settled by this Court, namely what is meant by term "substantially" in the definition of disable person contained in Section 29.03(c), Texas Penal Code. Tex. R. App. P. 66.3(b)

5. The Court of Appeals decision concerning the definition of disability in Section 29.03, Tex. Penal Code, conflicts with the decision of the Fourteenth Court of Appeals. Tex. R. App. P. 66.3(a)

<u>REASONS FOR REVIEW</u>

<u>REASON FOR REVIEW NUMBER ONE</u>

**The Court of Appeals failed to recognize the nature of the error in the jury charge, and failed to apply the correct standard when addressing whether appellant suffered egregious harm from the addition of a theory for determining when a victim is a "disabled person".**

Appellant, Ruben Miguel Alaniz, was convicted of aggravated robbery by jury and sentenced by jury to life in the Texas Department of Criminal Justice. See, Tex. Penal Code Ann. § 29.03. Initially, the state had two theories of why the robbery was aggravated: The first paragraph of the indictment alleged use of a deadly weapon, while paragraph II alleged that the victim was a "disabled person". (CR 5-6). However, prior to the start of trial, the prosecution abandoned its deadly weapon theory and stated its aggravated theory would instead be solely based on the victim's status as a "disabled person" under Section 29.03(c) of the Texas Penal Code. (3 RR 8).

Section 29.03 provides that, "'disabled person" means "an individual with a mental, physical, or developmental disability who is substantially unable to protect himself from harm." The indictment did not contain a definition of disabled person. However, during the charge conference the Court indicated that pursuant to the State's request it was including the definition of disability, and "using the full definition out of the Penal Code." (4 RR 107)[1] The charge submitted to the jury added to the definition set forth in Section 29.03(c), and

---

[1]The definition used by the Court was the one contained in Section 22.04(c)(3), Tex. Penal Code. That section addresses the offense of injury to a child, elderly individual or disabled individual.

included an alternative manner, by which to prove the victim was a disabled person: that is by showing he was substantially unable "to provide food, shelter, or medical care for himself."[2]

Because the state's theory of aggravated robbery rested on the victim's "disabled person" status, there was testimony about the victim's mental or developmental disability. There was evidence that the victim was 32-years old (4 RR 14); had spent his entire school career in special education classes (*Id.*); that in the past, he was diagnosed with attention deficit disorder with mild mental retardation (*Id.*); that he receives SSI benefits as a disabled person (4 RR 15); is friendly to strangers (*Id.*); and had held a job at McDonald's for over 10 years (4 RR 17). Significantly, there was testimony which went to the victim's daily habit and routine of daily walks and bike rides to his neighborhood park five or six blocks away from his residence by himself. (4 RR 15-16, 35-36).

On direct appeal, appellant argued that the court erred by including an alternative manner (i.e., "unable to provide food, shelter, or medical care for himself") of proving that a person is disabled, that is not provided in the statute . The appellate court concluded that even if this alternative theory is an incorrect statement of the law, Appellant was not egregiously harmed because the first portion of the definition (i.e., " . . . substantially unable to protect himself from harm") is substantially similar to the statute and the majority of the

---

[2]The charge contained the following instruction: "Disabled Person" means a person older than 14 years of age who by reason of age or physical or mental disease, defect or injury is substantially unable to protect himself from harm or to provide food, shelter or medical care for himself. (CR 60)

2

proffered evidence centered on this first portion. The Court also noted the application portion of the charge contained a correct statement of law.[3]

The definition used by the Court was clearly in error, because it contained an alternative way to establish disability. The appellate court concluded that even if this alternative theory (i.e., "to provide food, shelter, or medical care for himself") is an incorrect statement of the law, Appellant was not egregiously harmed because the the first portion of the definition in the charge was substantially similar to the statute.

Appellant suggests the Court apparently fails to understand the issue. There can be no argument that the definition used by the Court was in error; the definition included an additional test for establishing a person was disabled. The difference was not simply a matter of wording. Instead, it added a separate way to establish someone was disabled; whether they unable to provide food shelter, shelter, or medical care for himself. Perhaps the Court believed the additional language did not alter the basic inquiry. However, it is clear the definition used in Section 29.03 is different from the one used in Section 22.04. It must be presumed the legislature was aware of the distinction, and did left out the additional language for a reason.[4]

---

[3]the application portion simply asked the jury whether the evidence established that appellant placed "Patrick Abel, a disabled person in fear of imminent bodily injury of death." (CR 64) That paragraph necessarily incorporated the erroneous definition of "disabled person". Although not raised on direct appeal, appellant suggests the charge could be read as a comment on the evidence, stating that Abel was in fact a disabled person.

[4]The legislature was clearly aware of the definitions in Section 22.04. In the statute governing aggravated sexual assault, Section 22.021, the statute refers to Section 22.04(c) for the definition of elderly and disabled individual. Section 22.021(b)(2).

3

A jury charge is defective where it presents a jury with one valid legal theory, and one invalid legal theory. See, *Guevara v. State*, 152 S.W.3d 45 (Tex. Crim. App. 2004). A jury charge is also defective if it omits an essential element of the offense, or authorizes conviction on a set of facts that does not constitute an offense. *Zuckerman v. State*, 591 S.W.2d 495 (Tex. Crim. App. 1979). Appellant suggests the Court of Appeals initially erred in failing to recognize the significance of the error in this case. By including an incorrect definition, the jury charge authorized a conviction if the jury only believed the victim could not provide food, shelter or medical care for himself. The Court never directly addressed that possibility.[5]

Appellant suggests the Court of Appeals erred in not addressing, or even considering the possibility that appellant was convicted under an improper theory. See, *Green v. State*, 233 S.W.3d 72 (Tex. App. - Houston [14th Dist.] 2007).

Appellant also suggests the Court of Appeals failed to apply the correct standard when addressing whether the evidence established the victim was disabled. The Court noted that the record contains ample evidence demonstrating that Abel was "unable to protect himself from harm". Clearly, that it is not the correct standard. The State must prove not only that he was unable to protect himself from harm, but that he was "substantially" unable to do so. Whatever that means, the use of the word "substantial" suggests a relatively high burden. Additionally, when reviewing the evidence the court noted that Abel would never be able to live on his own, or care for himself, which is not part of the statute's requirement; instead, that would be

---

[5]Appellant suggests the inability to provide food, shelter or medical care" is an easier - and more objective - test to establish.

4

relevant to alternative theory set forth in the court's definition.

The Court of Appeals also failed to address the possibility that the ultimate decision may not have been unanimous. While that would not be a problem if both theories were proper, it is a problem when one of the theories is not valid. In reaching a unanimous decision on guilt, some of the jurors may have believed the State met the second test for disability, and not the first.

Appellant suggests the Court of Appeals failed to fully address a significant issue. Part of the reason may be the court's failure to recognize that the charge was erroneous, and that it an authorized a finding of guilt on an improper theory. The Court also noted that the parties did not focus on the question of whether the victim was disabled. However, it was clearly an issue. An instruction on the lesser offense of robbery was submitted, after counsel noted that would be the appropriate verdict if the jury found the victim was not disabled. The state acknowledged that was correct, stating "I think robbery could conceivably be found on this case based on the previous argument of counsel." (4 RR 108). Thus, both the State and the Court recognized the issue of whether the victim was disabled had been raised. That issue was also squarely presented to the jury, by allowing them to find appellant guilty only of robbery if they did not believe the victim was disabled.

Based on the foregoing, Appellant suggests the Court failed to fully consider all of these factors, and for that reason, review should be granted.

## REASON FOR REVIEW NUMBER TWO

**The Court of Appeals erred in its legal sufficiency analysis on Appellant's first issue. The Court addressed whether the evidence was sufficient to establish the victim was unable to protect himself, instead of addressing whether he was "substantially" unable to protect himself.**

As previously discussed, the State had the burden to prove that Abel was "substantially unable to protect himself from harm." The Court of Appeals never acknowledged, or even addressed, that the victim must not simply be unable to protect himself from harm, but that he must be "substantially" unable to protect himself from harm. In fact, the Court made no attempt to determine - or explain - what that meant, and what was required.

In discussing sufficiency of the evidence, the Court did note the unpublished decision in *Carr v. State*, 1999 LEXIS 7948, No. 07-99-0213-CR (Tex. App. - Amarillo, 10/25/1999). There, the Court considered the definition of disability contained in the Texas Commission on Human Rights Act; that statute defines disability as an impairment that "substantially limits" at least one major life activity. Using that definition, the Court held that the State must prove that victim's disability "severely limited his ability to protect himself from harm." The Court ultimately concluded the evidence was sufficient, focusing on the victim's physical limitations, including his lack of sight in one eye.

The testimony in this case centered only on the victim's mental or developmental disability. This testimony included that the victim was 32-years old (4 RR 14); had spent his entire school career in special education classes (Id.); that in the past, he was diagnosed with attention deficit disorder with mild mental retardation (Id.); that he receives SSI benefits as

6

a disabled person (4 RR 15); is friendly to strangers (Id.); and has held a job at McDonald's for over 10 years (4 RR 17). Significantly, there was testimony which went to the victim's daily habit and routine of daily walks and bike rides to his neighborhood park five or six blocks away from his residence by himself. (4 RR 15-16, 35-36).

This testimony establishes that the victim has a mental or developmental disability and, possibly, that he was substantially unable to provide food, shelter or medical care for himself; but that is all. There was no evidence that he was "substantially unable to protect himself from harm." He was not physically disabled in any way, and was able to interact with others, which he did on a daily basis. The fact that he was trusting and friendly to strangers is not enough; the same can be said for a substantial number of people who have no disability.

The Court failed to address evidence that it was the victim's daily habit and routine to ride his bicycle to a park as far as a half mile away from his home, and walk around for exercise, alone. If the victim truly is an individual who is "substantially unable to protect himself from harm," why would he have such a routine? Further, why would his family with whom his care is said to be entrusted, allow him to have such a routine without supervision? The reasonable conclusion is because it's a safe activity for him. To say it's a safe activity for him means he must be able to protect himself from the foreseeable harms arising out of biking to a park alone and exercising there alone.

Appellant suggests the Court erred in focusing only on whether the victim was disable, and not going the extra step and focusing on whether because of that disability he was

7

"substantially unable" to protect himself. Appellant suggests that if the Court had correctly analyzed the evidence under the proper standard, it would have found the evidence was insufficient. Therefore, review should be granted.

## PRAYER

WHEREFORE, APPELLANT PRAYS the court grant this petition, reverse the decision of the Court of Appeals and remand the case for further consideration.

Respectfully Submitted,

/s/ Walter M. Reaves, Jr.
Walter M. Reaves Jr.
100 N. 6th Street, Suite 802
Waco, TX 76701
(254) 296-0020
FAX # (877) 726-4411
TBA#16644200
walterreaves@att.net

Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing petition for discretionary review has been delivered to Abel Reyna, District Attorney for McLennan County, Texas, and to the State Prosecuting Attorney, P.O. Box 12405, Austin, Texas 78711, on this the 9th day of November, 2015.

/s/ Walter M. Reaves, Jr.
Walter M. Reaves Jr.



IN THE
TENTH COURT OF APPEALS

No. 10-14-00051-CR

RUBEN MIGUEL ALANIZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 54th District Court
McLennan County, Texas
Trial Court No. 2012-2237-C2

## MEMORANDUM OPINION

In two issues, appellant, Ruben Miguel Alaniz, challenges his conviction for aggravated robbery. *See* TEX. PENAL CODE ANN. § 29.03 (West 2011). Specifically, Alaniz asserts that: (1) the jury charge erroneously defined the term "disabled person"; and (2) the evidence is insufficient to show that the victim, Patrick Abel, qualified as a "disabled person." Because we conclude that Alaniz was not egregiously harmed by the charge,

and because the evidence is sufficient to show that Abel qualified as a "disabled person," we affirm.

## I.  BACKGROUND

On October 10, 2012, Alaniz was at Brame Park in Bellmead, Texas, installing a stereo in his Jeep when he was approached by Abel. Trial testimony revealed that Abel frequently rode his bicycle to the park and walked around the park for exercise. Additionally, Abel's mother, Julie Story, testified that Abel has "Attention Deficit Disorder with mild mental retardation" and that he was thirty-two at the time of trial. Story also noted that Abel receives SSI benefits as a disabled person; that Abel spent his school career in special-education classes; that Abel has no hope of ever living on his own; and that Abel "is one of the kindest people you ever want to meet. He has a heart of gold, and he's never met a stranger." Furthermore, for the past twelve years, Abel has worked a two-hour Saturday shift at McDonald's. In this job, Abel wipes down tables and cleans the restaurant. After ten years of service, McDonald's held a special ceremony and awarded Abel with a gold ring. Witnesses testified that Abel was very proud of the ring.

On the day in question, Abel saw Alaniz at the park and decided to approach. Abel began talking with Alaniz and eventually showed Alaniz his McDonald's ring. Abel testified that he allowed Alaniz to hold the ring. When Abel asked Alaniz to give the ring back, Alaniz used cuss words, allegedly pointed a gun at Abel, and "took off with Abel's

ring."[1] Distraught, Abel rode his bicycle to the Bellmead Police Department to report the incident.

Officer Derek Baker of the Bellmead Police Department took Abel's complaint. Officer Baker testified that Abel "seemed very upset" at the time. Subsequently, Officer Baker forwarded the complaint to Michael Miller, an investigator with the Bellmead Police Department. During the course of his investigation, Investigator Miller determined that Alaniz was a possible suspect. Thereafter, Abel identified Alaniz from a six-photo lineup as the perpetrator. Later, Investigator Miller interviewed Alaniz. During the interview, Alaniz admitted to taking the ring from Abel. In addition, Alaniz identified Abel as a "fucking retard" and asserted that "just because he robbed a retard, it shouldn't be an aggravated robbery." Moreover, Alaniz initially denied trying to sell the ring to his mother or anyone else; however, Investigator Miller later discovered that Alaniz had tried to sell the ring to his mother.

Alaniz also testified at trial. In his testimony, Alaniz admitted to taking Abel's ring and selling it to a gold buyer for about $450. Alaniz denied using a firearm in the commission of the offense. Alaniz acknowledged that he took advantage of Abel and that he had called Abel a "fucking retard."

---

[1] With respect to the cuss words, Investigator Miller testified that Alaniz told Abel to "back the fuck off" once Abel allowed Alaniz to hold the ring.

At the conclusion of the guilt-innocence phase of trial, the jury found Alaniz guilty of aggravated robbery. During the punishment phase of trial, the State introduced evidence of Alaniz's other criminal actions, including prior convictions for driving while intoxicated, unlawful possession of marihuana, assault family violence, and aggravated assault. Thereafter, the jury assessed punishment at life imprisonment in the Institutional Division of the Texas Department of Criminal Justice.[2] This appeal followed.

## II.    THE JURY CHARGE

In his first issue, Alaniz complains about the definition of "disabled person" contained in the jury charge. More specifically, Alaniz contends that he was egregiously harmed by language added to the charge definition of "disabled person" that is not included in the statutory definition.

### A.    Applicable Law

In reviewing a jury-charge issue, an appellate court's first duty is to determine whether error exists in the jury charge. *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996). If error is found, the appellate court must analyze that error for harm. *Middleton v. State*, 125 S.W.3d 450, 453-54 (Tex. Crim. App. 2003). If an error was properly preserved by objection, reversal will be necessary if the error is not harmless. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). Conversely, if error was not preserved

---

[2] Pursuant to a motion filed by Alaniz, the trial court entered a judgment nunc pro tunc on March 13, 2014, thereby amending the judgment to reflect that no finding had been made with respect to the use of a deadly weapon during the commission of this offense.

at trial by a proper objection, a reversal will be granted only if the error presents egregious harm, meaning appellant did not receive a fair and impartial trial. *Id.* To obtain a reversal for jury-charge error, appellant must have suffered actual harm and not merely theoretical harm. *Sanchez v. State*, 376 S.W.3d 767, 775 (Tex. Crim. App. 2012); *Arline v. State*, 721 S.W.2d 348, 352 (Tex. Crim. App. 1986).

Alaniz admits that he did not object to the jury charge; thus, he must show egregious harm. *See Almanza*, 686, S.W.2d at 171. In examining the record for egregious harm, we consider the entire jury charge, the state of the evidence, the final arguments of the parties, and any other relevant information revealed by the record of the trial as a whole. *Olivas v. State*, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006). Jury-charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007); *Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006).

## B.    Discussion

The definitions section of the charge provided the following definition for "disabled person": "[A] person older than 14 years of age who by reason of age or physical or mental disease, defect, or injury is substantially unable to protect himself from harm or to provide food, shelter, or medical care for himself." The first portion of the charge definition is substantially similar to the definition provided in section 29.03(c) of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 29.03(c) (defining "disabled person"

as "an individual with a mental, physical, or developmental disability who is substantially unable to protect himself from harm"). However, the second portion of the charge definition (i.e., "to provide food, shelter, or medical care for himself") does not precisely follow section 29.03(c). *See id.*

In any event, assuming without deciding that the second portion of the charge definition is an incorrect statement of the law, we cannot say that Alaniz was egregiously harmed. As stated earlier, when conducting an egregious-harm analysis, we consider the entire jury charge, the state of the evidence, the final arguments of the parties, and any other relevant information revealed by the record of the trial as a whole. *See Olivas*, 202 S.W.3d at 144.

Here, if we were to assume that the second portion of the charge definition of "disabled person" is a misstatement of the law, we note that the first portion of the charge definition is substantially similar to the definition provided in section 29.03(c), thereby allowing the jury to find that Abel is disabled because he is unable to protect himself from harm. *See* Tex. Penal Code Ann. § 29.03(c). Furthermore, we believe that the complained-of error was likely minimized by the arguments of counsel and correct statements of law in the application paragraph of the charge.[3] More specifically, neither

---

[3] We recognize that the State asked Story a few questions about Abel's ability to purchase food, his living arrangements, and his ability to secure medical care. However, the majority of the proffered evidence centered on Abel's inability to protect himself—a necessary requirement to prove the status of "disabled person" under section 29.03(c) of the Texas Penal Code. *See* Tex. Penal Code Ann. § 29.03(c) (West 2011).

party argued at trial about Abel's status as a "disabled person." Indeed, Alaniz focused his opening and closing arguments on whether or not a gun was used in the commission of the offense, not on Abel's status as a "disabled person."

Additionally, the record contains ample evidence demonstrating that Abel is "unable to protect himself from harm." Story testified that Abel spent his school career in special-education classes and that Abel has "Attention Deficit Disorder with mild mental retardation." Story also noted that Abel receives SSI benefits as a disabled person. Moreover, Story stated that Abel is unable to protect himself from harm and that he will never be able to live on his own or care for himself. The evidence also shows that Abel is unable to drive a car and will never be able to do so and that Abel is very friendly to strangers. In fact, Story recounted that Abel "is one of the kindest people you ever want to meet. He has a heart of gold, and he's never met a stranger. Ever. I could be talking to somebody and he'll walk up to them and shake their hand and want to know who they are."

Other testimony, including that of Alaniz, also touches on Abel's inability to protect himself from harm. During an interview with Investigator Miller, Alaniz admitted to taking Abel's ring and identifying Abel as a "fucking retard"—facts also confirmed in Alaniz's trial testimony. Alaniz also complained to Miller that "just because he robbed a retard, it shouldn't be an aggravated robbery." Furthermore, Abel testified about the incident, which gave the jury insight into the extent of his disability.

And finally, on appeal, Alaniz contends that because the second portion of the charge definition was purportedly a misstatement of the law, "there could have been some sympathetic impact leading to a relaxing of the beyond a reasonable doubt standard for threatening or placing in fear if the jury believed that Mr. Abel qualified as a 'disabled person' when he did not under the law." However, the Texas Court of Criminal Appeals has stated that, to reverse a conviction due to jury-charge error, appellant must have suffered actual harm and not merely theoretical harm. *Sanchez*, 376 S.W.3d at 775; *Arline*, 721 S.W.2d at 352. Besides speculating, Alaniz does not direct us to any portion of the record indicating that he suffered actual harm due to the purportedly erroneous charge definition of "disabled person." *See Sanchez*, 376 S.W.3d at 775; *Arline*, 721 S.W.2d at 352.

Therefore, based on the foregoing, we cannot say that the purported error in the charge affected the very basis of the case, deprived Alaniz of a valuable right, or vitally affected his defensive theory. *See Almanza*, 686 S.W.2d at 171; *see also Stuhler*, 218 S.W.3d at 719; *Sanchez*, 209 S.W.3d at 121. In other words, we cannot conclude that Alaniz was egregiously harmed by the complained-of error. *See Almanza*, 686 S.W.2d at 171; *see also Stuhler*, 218 S.W.3d at 719; *Sanchez*, 209 S.W.3d at 121. We overrule Alaniz's first issue.

### III.  EVIDENTIARY SUFFICIENCY

In his second issue, Alaniz argues that the State failed to present sufficient evidence for a rational factfinder to conclude beyond a reasonable doubt that Abel was

unable to protect himself from harm. As such, Alaniz asserts that the record evidence is insufficient to establish that he is guilty of aggravated robbery.

## A. Applicable Law

In *Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011), the Texas Court of Criminal Appeals expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Id.*

Our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793. Furthermore, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to

establish guilt." *Hooper*, 214 S.W.3d at 13. Finally, it is well established that the factfinder is entitled to judge the credibility of the witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

The sufficiency of the evidence is measured by reference to the elements of the offense as defined by a hypothetically correct jury charge for the case. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically-correct jury charge does four things: (1) accurately sets out the law; (2) is authorized by the indictment; (3) does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability; and (4) adequately describes the particular offense for which the defendant was tried. *Id.*

## B.    Discussion

Section 29.03(a) of the Texas Penal Code provides that a person commits the offense of aggravated robbery if he commits robbery and he: (1) causes serious bodily injury to another; (2) uses or exhibits a deadly weapon; or (3) causes bodily injury to another person or threatens or places another person in fear of imminent bodily injury or death, if the other person is sixty-five years of age or older or is a disabled person. Tex. Penal Code Ann. § 29.03(a). On appeal, Alaniz focuses on Abel's purported status as a "disabled person." In particular, Alaniz asserts that the State did not proffer sufficient evidence to demonstrate that Abel is unable to protect himself from harm. We disagree.

As stated earlier, Story testified that Abel spent his school career in special-education classes and that Abel has "Attention Deficit Disorder with mild mental retardation." Story also noted that Abel receives SSI benefits as a disabled person. Moreover, Story stated that Abel is unable to protect himself from harm and that he will never be able to live on his own or care for himself. The evidence also shows that Abel is unable to drive a car and will never be able to do so and that Abel is very friendly to strangers. Story recounted that Abel "is one of the kindest people you ever want to meet. He has a heart of gold, and he's never met a stranger. Ever. I could be talking to somebody and he'll walk up to them and shake their hand and want to know who they are."

Other testimony, including that of Alaniz, also touches on Abel's inability to protect himself from harm. During an interview with Investigator Miller, Alaniz admitted to taking Abel's ring and identifying Abel as a "fucking retard"—facts also confirmed in Alaniz's trial testimony. Alaniz also complained to Miller that "just because he robbed a retard, it shouldn't be an aggravated robbery." Furthermore, Abel testified about the incident, which gave the jury insight into the extent of his disability.

Despite the foregoing evidence, Alaniz complains that the State did not proffer medical evidence to prove that Abel is indeed disabled. Alaniz does not cite, nor are we aware of, authority requiring the State to proffer medical testimony to prove that the victim of a robbery is disabled. In fact, a couple of Texas courts have affirmed aggravated

robbery convictions based on disability findings without medical testimony. *See, e.g., Waller v. State*, No. 06-03-00039-CR, 2004 Tex. App. LEXIS 330, at *1, *13 (Tex. App.— Texarkana Jan. 14, 2004, no pet.) (mem. op., not designated for publication) ("Bruce E. Williams testified McPherson is mentally challenged. . . . Last, evidence was introduced that McPherson is disabled. . . . Therefore, there is legally sufficient evidence to support the jury's verdict."); *Carr v. State*, No. 07-99-0213-CR, 1999 Tex. App. LEXIS 7948, at **3- 4, *12 (Tex. App.—Amarillo Oct. 25, 1999, pet. ref'd) (mem. op., not designated for publication) (affirming a conviction for aggravated robbery based, in part, on the victim's testimony about his own physical disabilities).

Viewing the evidence in the light most favorable to the jury's verdict, we conclude that a rational factfinder could conclude that Abel was unable to protect himself and, thus, is disabled and that Alaniz committed aggravated robbery. *See* TEX. PENAL CODE ANN. § 29.03; *see also Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Lucio*, 351 S.W.3d at 894; *Hooper*, 214 S.W.3d at 13. As such, we hold that the evidence is sufficient to support Alaniz's conviction for aggravated robbery. *See* TEX. PENAL CODE ANN. § 29.03; *see also Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Lucio*, 351 S.W.3d at 894; *Hooper*, 214 S.W.3d at 13. We overrule Alaniz's second issue.

## IV. CONCLUSION

Having overruled both of Alaniz's issues on appeal, we affirm the judgment of the trial court.

AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
(Chief Justice Gray concurring with a note)*
Opinion delivered and filed August 6, 2015
Do not publish
[CRPM]

*(Chief Justice Gray concurs in the judgment. A separate opinion will not issue but he provides the following note: In this case the trial court expanded the definition in the charge of what it means to be a disabled person by adding "or to provide food, shelter, or medical care for himself" to the statutory definition that it means a person that is "...substantially unable to protect himself from harm." Alaniz argues that this allowed the jury to convict him upon a determination of the status of the victim as being disabled when the victim was actually not disabled within the statutory definition. I disagree. The added disjunctive clause, "or to provide food, shelter, or medical care for himself" is nothing more than a reference to a specific way that a person is unable to protect themselves from harm. As such it may have been an improper comment on the weight of the evidence, but it certainly did not authorize a conviction on a theory that was not otherwise within the statutory definition of a disabled person. I find that all the evidence that shows that the victim was unable to provide food, shelter, or medical care for himself was simply evidence of a specific way that showed the victim was disabled by being unable to protect himself from harm. It may have been erroneous to include the phrase in the definition but it is was not error for the reasons argued by Alaniz. Accordingly I would overrule the first issue on the merits. With these additional comments I concur in the judgment of the trial court convicting Alaniz.)



## IN THE COURT OF CRIMINAL APPEALS
## FOR THE STATE OF TEXAS

RUBEN MIGUEL ALANIZ      \*
     Appellant      \*
     \*

vs.      \*      No. _____

     \*      COA #10-14-00051-CR

     \*

     \*

THE STATE OF TEXAS      \*
     Appellee

### CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9.4(i)(3), I hereby certify that the Appellant's brief filed in this cause contains 2,931 words. The document was prepared using Wordperfect 12, and the word count was generated using that program.

/s/ Walter M. Reaves, Jr.
Walter M. Reaves, Jr.
100 N. 6th Street, Suite 802
Waco, Texas 76701
(254) 296-0020
FAX (877) 726-4411
TBA# 16644200
Walterreaves@att.net

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing certificate was mailed to the Office of the District Attorney for McLennan County, Texas, on November 9, 2015

/s/ Walter M. Reaves, Jr.
Walter M. Reaves, Jr.

Print this page

# Envelope 7744140

## Case Information

| | |
|---|---|
| Location | Court Of Criminal Appeals |
| Date Filed | 11/09/2015 01:42:11 PM |
| Case Number | |
| Case Description | |
| Assigned to Judge | |
| Attorney | |
| Firm Name | Walter M. Reaves, Jr. |
| Filed By | Tawne Owen |
| Filer Type | Not Applicable |

## Fees

| | |
|---|---|
| Convenience Fee | $0.00 |
| Total Court Case Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Grand Total | $0.00 |

## Payment

| | |
|---|---|
| Account Name | Walter Reaves |
| Transaction Amount | $0.00 |
| Transaction Response | |
| Transaction ID | 12637634 |
| Order # | 007744140-0 |

## Petition for Discretionary Review

| | |
|---|---|
| Filing Type | EFile |
| Filing Code | Petition for Discretionary Review |
| Filing Description | PDR |
| Reference Number | 10-14-00051-CR |
| Comments | |
| Status | Rejected |

## Fees

| | |
|---|---|
| Court Fee | $0.00 |
| Service Fee | $0.00 |

## Rejection Information

| Rejection Reason | Time | Rejection Comment |
|---|---|---|
| Other | 11/10/2015 04:18:01 | The petition for discretionary review does not contain the identity of Judge, Parties and Counsel [Rule 68.4(a)]. You have ten days to tender a corrected petition for |

PM               discretionary review.

## Documents

*Lead Document*           00036547.PDF                    [Original]